**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4820**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HILLARY CHEYENNE CARVER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:17-cr-00345-FL-1)

Submitted:  November 19, 2019                    Decided:  November 21, 2019

Before WILKINSON and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hillary Cheyenne Carver appeals from the judgment of conviction entered after her guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012) (Count 1), and brandishing a firearm in furtherance of a crime of violence, to wit: the Hobbs Act robbery in Count 1, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A), 2 (2012) (Count 2). Carver challenges her conviction on Count 2, arguing that Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c). We affirm.

An offense punishable by a mandatory minimum seven year sentence under 18 U.S.C. § 924(c) arises when a defendant brandishes a firearm in furtherance of a "crime of violence." 18 U.S.C. § 924(c)(1)(A)(ii). Subsection (c)(3) of § 924 defines the term "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (2012). This section is known as the § 924(c) force clause. *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

Carver argues that Hobbs Act robbery does not categorically qualify as a crime of violence under the § 924(c) force clause. However, as Carver concedes, her argument is foreclosed by our recent decision in *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019), *petition for cert. filed*, No. 19-6423 (U.S. Oct. 28, 2019), where we held that "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)," *id.* at 266.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*